UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 12-51120 AHWS |
| SEIBERT, ADRIANA | : | CHAPTER 7 |
| ----------------------------------- | : | |
| ROBERTA NAPOLITANO, TRUSTEE, | : | |
|   Plaintiff, | : | |
|      v. | : | |
| ADRIANA SEIBERT; BANK OF NEW YORK MELLON; CATHY S. KOHUT, IN HER CAPACITY AS GUARDIAN FOR ELIZABETH SEIBERT; | : : : : | |
|   Defendants. | : | June 11, 2014 |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE
AND FOR DECLARATORY JUDGMENT THAT
INTEREST IN TRUST IS PROPERTY OF THE ESTATE**

Roberta Napolitano, Trustee in the above case, alleges:

1. This complaint initiates an adversary proceeding pursuant to Sections 542 and 550 of the United States Bankruptcy Code, 11 U.S.C. Sections 101-1330 ("Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure 7001(1), (2) and (9), seeking a determination that property belongs to the estate, the turnover of property of the estate and an order for a specific act under Rule 7070 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (E), (M) and (O).

2. The Debtor, Adriana Seibert, an individual, filed this case through the Conservator of her estate on June 12, 2012. Upon information and belief, the Conservator filed the case in order to avoid the absolute vesting of real property known as 179 Dickensen Road,

Cambridge, New York (the "New York Property") in Washington County. The Trustee requested the authority of the Court to sell the interest of the estate in the New York Property for the sum of $238,500.00. Before the Trustee can transfer the New York Property, she must pay taxes due Washington County in the approximate amount of $90,235.25.

3. The Debtor is the widow of Donald C. Seibert, whose will, dated March 16, 2000 (the "Will") has been the subject of proceedings pending before Probate Courts of the State of Connecticut since March 20, 2008. The Probate Court recently transferred the proceedings from the Greenwich Probate District to the Trumbull Probate District.

4. Elizabeth Seibert is the only descendant of Donald C. Seibert and the Debtor. The Probate Court for the State of Connecticut appointed Attorney Cathy S. Kohut as guardian for Elizabeth Seibert.

5. Donald C. Seibert named the Debtor as his Executrix. Upon information and belief, she is no longer serving in that capacity.

6. In the Will, Mr. Seibert defined his "residuary estate" as any property remaining after payment of debts, funeral and administration expenses and death taxes described in the Will (the "Residuary Estate").

7. Mr. Seibert bequeathed the Residuary Estate to the Donald C. Seibert Revocable Trust, which provides for the administration of his property through a terminating trust (the "Trust"), which he and the Debtor created by an agreement dated March 16, 2000 (the "Trust Agreement").

8. Upon information and belief, the only asset of the Residuary Estate is real property located at 52 Arcadia Road, Old Greenwich, Connecticut (the "Arcadia Road Property.")

       The Probate Court for the Trumbull District recently approved the sale of the Arcadia Road Property for the sum of $1,076,000.00.

9. Unsecured claims filed in this case total approximately $228,064.63. The United States Internal Revenue Service filed a claim for $219,515.51, and the State of Connecticut Department of Revenue Services filed a claim for $5,170.00. Administering only the New York Property will leave unsecured claims totaling more than $100,000.00 unsatisfied.

10. The Debtor is the Trustee and beneficiary of the Trust. The Trust Agreement appoints "Putnam Trust, a Bank of New York Division," as successor Trustee. According to the website for the Federal Deposit Insurance Corporation, the Putnam Trust Company merged with the Bank of New York Mellon on December 1, 1996, which is itself a subsidiary of Bank of New York Mellon Corp., according to the website of the Department of Banking of the State of Connecticut.

11. The Debtor may exercise outright control over the property of the Trust according to the following of its terms:

    a. Paragraph III (A) requires the Debtor, as Trustee, to calculate "the largest fractional share of my residuary estate which will not increase the federal estate tax on my [Donald C. Seibert's] estate," and to distribute that share to an estate tax sheltered trust (the "Estate Tax Sheltered Trust"). The Trust requires the Trustees of the Estate Tax Sheltered Trust to make distributions to its beneficiaries of up to five percent of its corpus. The Debtor and Elizabeth Seibert are beneficiaries of the Estate Tax Sheltered Trust;
    b. Paragraph III (B) allows the Debtor, as Trustee, to distribute the Residuary Estate, less that portion set aside for the Estate Tax Sheltered Trust, if any, to herself; and
    c. Article IV allows the Debtor, as Trustee of the Trust, to dispense with creating the Estate Tax Sheltered Trust, to terminate the Trust and to distribute its property to any income beneficiary. The Debtor is an income beneficiary of the Trust.

12. Paragraph VII of the Trust Agreement allows a Trustee of the Trust to appoint a successor

Trustee.

13. The bankruptcy estate of Adriana Seibert accedes to any property to which the Debtor was entitled and to any powers she may exercise under the terms of the Trust pursuant to 11 U.S.C. Section 541(a)(1), which provides that all legal or equitable interests of the debtor in property become property of her bankruptcy estate once she files a bankruptcy case.

*First Count, seeking turnover of property pursuant to 11 U.S.C. § 542*

1-13. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 13 hereof, as if fully restated herein.

14. The Residuary Estate is property of the bankruptcy estate.

15. The power to distribute the Trust's property to herself conferred on the Debtor by Article IV of the Trust is property of the Debtor's bankruptcy estate.

16. That power to distribute property to herself invalidates any intended spendthrift provisions found elsewhere in the Trust.

17. The Debtor's trustee in bankruptcy may exercise the power to distribute the property of the Trust for the benefit of the creditors of the Debtor.

18. The Debtor may also demand distributions of up to five percent of the corpus of the Estate Tax Sheltered Trust per calendar year.

19. That power is property of the Debtor's bankruptcy estate.

20. The Trustee may use the property contained in the Residuary Estate, may use the power to distribute the corpus of the Trust conferred by Article IV of the Trust, and may use the power to demand distributions of up to five percent of the corpus of the Estate Tax Sheltered Trust per calendar year.

21. Anyone, including the Debtor, in possession or control of that property and those powers, must turn them over to the Trustee pursuant to 11 U.S.C. §542(a).

*Second Count, seeking determination that powers conferred by Trust on the Debtor are property of her bankruptcy estate*

1-21. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 21 hereof, as if fully restated herein.

22. A declaratory judgment in this case will serve a useful purpose in clarifying and settling the legal relations at issue concerning the control of the Trust and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the issue of who may control the Trust.

*Third Count, seeking an order for a specific act under Rule 7070 of the Federal Rules of Bankruptcy Procedure*

1-22. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 22 hereof, as if fully restated herein.

23. The interest in the Residuary Estate, the corpus of the Trust and the powers the Trust confers upon the Debtor are property of her bankruptcy estate, and within the jurisdiction of this Court.

24. The power of the Debtor to appoint a successor Trustee is also property of her bankruptcy estate.

25. The Court may therefore appoint the Bank of New York Mellon as Successor Trustee of the Trust.

WHEREFORE, the Trustee prays that the Court enter a judgment:

A. That the defendants turn over the Residuary Estate, as defined in the Donald C. Seibert Revocable Trust, remaining after distribution to the Tax Sheltered Trust to the

Bankruptcy Trustee;

B.     That the defendants turn over any interest in the powers conferred upon the Debtor by the Donald C. Seibert Revocable Trust to the Bankruptcy Trustee pursuant to 11 U.S.C. § 542(a);

C.     That the defendants turn over the corpus of the Donald C. Seibert Revocable Trust to the Bankruptcy Trustee pursuant to 11 U.S.C. § 542(a);

D.     That the Bankruptcy Trustee may use the corpus of the Donald C. Seibert Revocable Trust to make distributions to the creditors of the bankruptcy estate;

E.     Declaring that the Bankruptcy Trustee may withdraw up to five percent of the corpus of the Estate Tax Sheltered Trust created by the Donald C. Seibert Revocable Trust per calendar year for the benefit of the creditors of the Debtor;

F.     Appointing the Bank of New York Mellon successor trustee of the Donald C. Seibert Revocable Trust;

G.     and for such other and further relief as the court deems just and proper.

Dated at Bridgeport, Connecticut on June 11, 2014.

        ROBERTA NAPOLITANO, TRUSTEE

        BY:  /s/ Roberta Napolitano
        Roberta Napolitano ct 08378
        Weinstein, Weiner, Ignal Napolitano & Shapiro, P.C.
        P.O. Box 9177
        Bridgeport, CT 06601  203-333-1177