United States Bankruptcy Court
District of Connecticut

In re:     Case No. 12-51120-jam
Adriana Seibert     Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0205-5     User: admin     Page 1 of 2
Date Rcvd: Nov 08, 2023     Form ID: pdfdoc2     Total Noticed: 3

The following symbols are used throughout this certificate:
**Symbol**     **Definition**
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 10, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Adriana Seibert, 52 Arcadia Road, Old Greenwich, CT 06870-1715 |
| | | Jodi Peikoff, 173 E Broadway Apt 2C, New York, NY 10002-5555 |
| | | Peikoff Law Office, 173 E Broadway Lobby C1, New York, NY 10002-5555 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 10, 2023     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 8, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Kim L. McCabe | on behalf of U.S. Trustee U. S. Trustee kim.mccabe@usdoj.gov |
| Martin A. Mooney | on behalf of Creditor Washington County Treasurer lgadomski@schillerknapp.com |
| Melissa Zelen Neier | on behalf of Creditor Alexander Tsai-Chih Ching mneier@ibolaw.com |
| Roberta Napolitano | on behalf of Plaintiff Roberta Napolitano Trustee rnapolitano@wwinslaw.com, courtalerts@ch13rn.com |
| Roberta Napolitano | rnapolitano@wwinslaw.com rnapolitano13@ecf.epiqsystems.com |

District/off: 0205-5 User: admin Page 2 of 2
Date Rcvd: Nov 08, 2023 Form ID: pdfdoc2 Total Noticed: 3

U. S. Trustee
                USTPRegion02.NH.ECF@USDOJ.GOV

TOTAL: 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
_____
IN RE:                        )
                              )   CASE No. 12-51120 (JAM)
ADRIANA SEIBERT,              )
                              )   CHAPTER 7
    DEBTOR.                   )
                              )   RE: ECF Nos. 313, 315
_____)
```

## ORDER DENYING APPLICATIONS FOR PAYMENT OF UNCLAIMED FUNDS

On October 2, 2023, two Applications for Payment of Unclaimed Funds both in the amount of $229,523.81 were filed in this Chapter 7 case which was closed on April 5, 2016 (the "Applications," ECF Nos. 313 and 315). The Applications appear to be substantially identical.

28 U.S.C. § 2041 governs the deposit of monies paid into any court of the United States in pending or adjudicated cases. Pursuant to 28 U.S.C. § 2042, no money deposited under Section 2041 shall be withdrawn "except by order of the court." A claimant seeking to obtain monies paid into any court of the United States that have been on deposit and unclaimed for at least five years (commonly referred to as "unclaimed funds,") must show "full proof of the right thereto…" 28 U.S.C. § 2042. The claimant seeking the unclaimed funds carries the burden to demonstrate that it is entitled to the funds sought. *See e.g., In re Miniscribe Corp.*, 331 B.R. 448, 451 (D. Col. 2005); 3 COLLIER ON BANKRUPTCY ¶ 347.02[4] (16th ed. 2023).

In accordance with 28 U.S.C. § 2042, the Applications seek an order directing payment to the claimant of unclaimed funds that have been on deposit and unclaimed for at least five years. The Applications are signed by Adriana Seibert (the "Debtor") and were received in the Clerk's Office in a priority mail envelope with a return address of the Peikoff Law Office in New York, New York. In support of the Applications, two sets of documents were signed by Attorney Jodi

Peikoff as successor claimant to the Debtor. (the "Supporting Documents," ECF Nos. 314 and 316). Because there were deficiencies and potential inconsistencies with the Supporting Documents, a Notice of Hearing was issued on the Applications (ECF No. 317). The Notice of Hearing scheduled a hearing on the Applications to be held on November 7, 2023, set October 31, 2013 as the deadline to object to the Applications, and was served on, among others, the Debtor, Attorney Peikoff, and the Office of the United States Trustee (the "U.S. Trustee") (ECF No. 318).

On October 30, 2023, the U.S. Trustee filed a Statement in Response to the Applications (the "Statement," ECF No. 319). The Statement attached an Affidavit of Attorney Jodi Peikoff (the "Affidavit"). In the Affidavit, Attorney Peikoff states the Supporting Documents: (i) were not prepared or submitted by her; (ii) fraudulently used her name; (iii) forged her signature; (iv) forged the submitted Certificate of LLC Resolution of the Peikoff Law Office; and (v) forged the submitted New York State Driver's License which contained her name and address and a photograph not of her, but of an unknown individual.

On November 7, 2023, a hearing was held on the Applications. The U.S. Trustee appeared at the hearing. The Debtor and Attorney Peikoff did not appear. The Court notes that after the Applications were filed in this case, the United States Bankruptcy Court for the Southern District of West Virginia and the United States Bankruptcy Court for the District of Columbia denied Applications for Unclaimed Funds filed in debtors' cases in the name of Attorney Peikoff on the basis that the Applications were filed fraudulently. (*See In re Raines*, Case No. 1:11-bk-10094 (Bankr. S.D.W.V. Oct. 10, 2023), ECF No. 98 (seeking $57,324.51 in

unclaimed funds)[1]; *In re Akers*, Case No. 16-00600-ELG (Bankr. D.D.C. Nov. 2, 2023), ECF No. 452 (seeking $687,545.40 in unclaimed funds).)

Upon consideration of the Applications, the Statement, the Affidavit, the Orders of the United States Bankruptcy Court for the Southern District of West Virginia and the United States Bankruptcy Court for the District of Columbia, and for the reasons stated on the record during the hearing, it is hereby:

**ORDERED:**  The Applications are **DENIED** pursuant to 28 U.S.C. § 2042; and it is further

**ORDERED:**  At or before 5:00 p.m. on November 8, 2023, the Clerk's Office shall serve this Order via first class mail on the Debtor at the address listed on her petition and on Attorney Jodi Peikoff at 173 East Broadway, Suite C1, New York, New York 10002.

Dated at Bridgeport, Connecticut this 8th day of November, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

---

[1] Notably, the Supporting Documents in ECF No. 316 submitted in the name of Attorney Peikoff contain in the "Limited Power of Attorney" the name of the debtor Ronald Lee Raines as opposed to the name of the Debtor in this case, Andriana Seibert.  As noted above, an Application for Unclaimed Funds in the bankruptcy case of *In re Raines*, Case No. 1:11-bk-10094 (Bankr. S.D.W.V. 2023), was denied on the basis that it was filed fraudulently.  It appears that similar issues may have been present in Applications for Unclaimed Funds filed in Bankruptcy Courts in addition to those identified in this Order.